IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GLENN PRESTON WORTHEY,

        Petitioner,

    v.

DON MILLS,

        Respondent.

Civil No. 08-90-MO

OPINION AND ORDER

    Thomas J. Hester
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Lester R. Huntsinger
    Senior Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

    1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state court convictions and sentences. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

Petitioner is incarcerated within the Oregon Department of Corrections following his convictions for three counts of Burglary in the First Degree, and single counts of Unauthorized Use of a Vehicle, Felon in Possession of a Weapon, Attempting to Elude a Police Officer, and Burglary in the Second Degree. Respondent's Exhibit 101. Based on these convictions, the trial court sentenced petitioner to 212 months in prison.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court from the bench, and the Oregon Supreme Court denied review. *State v. Worthey*, 193 Or. App. 329, 92 P.3d 767, *rev. denied*, 337 Or. 556, 101 P.3d 810 (2004).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where the PCR trial court denied relief. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Worthey v. Howton*, 214 Or. App. 699, 167 P.3d 1010, *rev. denied*, 343 Or. 467, 172 P.3d 249 (2007).

2 - OPINION AND ORDER

Petitioner filed this federal habeas corpus case on January 18, 2008, in which he asserts that trial counsel was constitutionally ineffective when he failed to:

(1) Object to overly broad jury instructions, allowing the jury to find him guilty of Felon in Possession of a Firearm under alternative theories of the case;

(2) Object at the time of sentencing to the imposition of consecutive sentences in violation of *Blakely* and *Apprendi*;

(3) Object to Departure sentences; and

(4) Object to the court's failure to "shift to I" under the applicable sentencing matrix with respect to consecutive sentences for Burglary and Felon in Possession of a Firearm.

Respondent asks the court to deny relief on the Petition because: (1) some of petitioner's claims are unargued; (2) some claims were never fairly presented to Oregon's state courts and are now procedurally defaulted; and (3) petitioner's claims lack merit.

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A

3 - OPINION AND ORDER

state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id* at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410.  The state court's application of clearly established law must be objectively unreasonable.  *Id* at 409.

## II. Unargued Claims

Petitioner does not provide argument to support Grounds 1.2 or 1.3, nor does he attempt to refute the State's arguments in its Response that these claims do not entitle him to relief.  The court has nevertheless reviewed petitioner's unargued claims and determined that they do not entitle him to relief.  *See* 28 U.S.C.

4 - OPINION AND ORDER

§ 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

### III. **Ground 1.1: Failure to Object to Jury Instructions**

One of petitioner's Burglary convictions involved a residence wherein the prosecution alleged that he possessed a firearm. As a result, petitioner was charged with, and ultimately convicted of, Felon in Possession of a Firearm. There were two firearms found within the residence at issue, a handgun and a shotgun. Petitioner asserts that counsel should have asked the court for a specific jury instruction to ensure that the jury convicted him with unanimity as to which firearm he actually possessed.

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption

that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

In this case, petitioner argues that where the jury saw photographs of two separate firearms and heard evidence that each was moved, there was a reasonable likelihood that there was no consensus as to which firearm the jury used to support its conviction for Felon in Possession of a Firearm. The PCR trial court made the following factual findings with respect to this claim:

> 12. With respect to petitioner's contention that the jury should have been required to determine specifically which type of firearm he had possessed, petitioner was charged as a felon in possession of a firearm, not a felon in possession of a pistol. The applicable statute defines a firearm as 'a weapon, by *whatever* name known, which is designed to expel a projectile by the action of

6 - OPINION AND ORDER

> powder and which is readily capable of use as a weapon.' ORS 166.210(2) (emphasis added). Both the pistol and a shotgun meet this definition. Petitioner failed to introduce evidence proving that fewer than 10 jurors agreed on the weapon he had possessed.

Respondent's Exhibit 118, pp. 4-5 (emphasis in original).

As a matter of law, the court found that petitioner was not denied his right to assistance of counsel, and further determined:

> 3. To the extent that petitioner's complaints about jury instruction on the felon-in-possession charge are based on *State v. Boots*, 315 Or. 572 (1993), the complaints are not well founded. In *Boots*, the challenged jury instruction allowed the jury to find the defendant guilty of Aggravated Murder without unanimously agreeing on how it was committed. The Oregon Supreme Court held that the instruction was improper. In the present case, the challenged instruction deals with a factual detail that is not essential to the crime, because either the pistol or the shotgun would have satisfied the statute. In *Boots*, the Court made a point to note that '[w]e are not speaking here of the factual details, such as *whether a gun was a pistol or a revolver*, and whether it was held in the right or left hand. We deal with facts that the law (or indictment) has made essential to a crime.' In the present case, it was essential to the crime of felon in possession of a firearm that petitioner possess a firearm. It did not matter whether that firearm was a shotgun or a pistol.

*Id* at 6-7 (footnotes omitted) (emphasis in original).

It is clear that the PCR trial court determined that state law did not require a more specific jury instruction in petitioner's case because whether petitioner possessed a handgun or a shotgun amounted to a "factual detail" under *Boots*, and was not a material element of the crime. "[A] federal court is bound by the state

7 - OPINION AND ORDER

court's interpretations of state law." *See Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir. 2000). As a result, because state law did not require a more specific instruction, counsel was not constitutionally ineffective for not requesting one.

Even if the state court had not determined that the jury instruction at issue was proper under state law, it is clear from the record that the firearm at issue in this case was the handgun, not the shotgun. The prosecutor's theory revolved around the handgun. Trial Transcript Vol B., pp. 702, 837, 853. He advised the jury that with respect to "[t]he felon in possession of a handgun . . . [w]e're interested in the handgun, not the shotgun. *Id* at 853. Defense counsel similarly argued the handgun possession issue. *Id* at 925. Based on this record, and in the absence of any evidence that the jurors who convicted him were not unanimous in terms of the firearm possessed, petitioner would be unable to show that he was prejudiced by any error by counsel.

## IV.  Ground 1.4: Failure to Object at Sentencing

In his final ground for relief, petitioner argues that his attorney at sentencing was ineffective for failing to object to the court's failure to recalculate his matrix score. As an initial matter, the Ninth Circuit has concluded that a habeas corpus petitioner cannot prevail on an ineffective assistance of counsel claim arising out of a non-capital sentencing proceeding because there is no clearly established federal law on point. *Davis v.*

*Grigas*, 443 F.3d 1155, 1158 (2006); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2004); *see also Moses v. Payne*, 555 F.3d 742, 754-55 (9th Cir. 2009) (where no Supreme Court decision squarely addresses an issue, § 2254(d)(1) bars relief).

Even assuming that the Supreme Court's traditional test for ineffective assistance of counsel applies to non-capital sentencing proceedings, petitioner is not entitled to relief because counsel specifically objected to this aspect of the sentence, and that claim was litigated on direct appeal. Sentencing Transcript, p. 1081; Respondent's Exhibit 103-105. Although petitioner argues for the first time in his supporting memorandum that counsel was ineffective for failing to object on federal constitutional grounds, such a claim is not contained in the operative pleading for this case and is therefore not eligible for review. *See* Rule 2(c), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (requiring each habeas petition to "specify all the grounds for relief which are available to the petitioner"); *Greene v. Henry*, 302 F.3d 1067, 1070 fn. 3 (9th Cir. 2002) (a court need not consider claims not raised in the petition).

For all of these reasons, the court concludes that the PCR trial court's decision denying relief on these claims was neither contrary to, nor an unreasonable application of, clearly established federal law.

///

9 - OPINION AND ORDER

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __3__ day of December, 2009.

                                      /s/Michael W. Mosman
                                        Michael W. Mosman
                                        United States District Judge